THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
PATRICK CONNALLY
and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>ROBERT LOUIS STEVENSON PLAZA ASSOCIATION,<br><br>       Defendant. | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

1  Plaintiffs PATRICK CONNALLY, an individual; and DISABILITY RIGHTS,

2  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3  public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4  defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION and allege as follows:

5  **INTRODUCTION:**

6        1.     This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff PATRICK CONNALLY and the membership of DREES are

8  members, for failure to remove architectural barriers structural in nature at defendants' 1700 2nd

9  Street Office Building, a place of public accommodation, thereby discriminatorily denying

10  plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

11  full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

12  services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

13  the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

14  §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15        2.     Plaintiff PATRICK CONNALLY is a person with physical disabilities who, on or

16  about July 20, 2007, August 23, 2007 and August 27, 2007, was an invitee, guest, patron,

17  customer at defendants', tenant's public accommodation known as Sims and Sims Court

18  Reporters, in the City of Napa, California.  At said time and place, defendants failed to provide

19  proper legal access to the 1700 2nd Street Office Building, which is a "public accommodation"

20  and/or a "public facility" including, but not limited to parking, men's and women's restroom on

21  the second floor, men's and women's restroom on the third floor and entry doors to all offices.

22  The denial of access was in violation of both federal and California legal requirements, and

23  plaintiff PATRICK CONNALLY suffered violation of his civil rights to full and equal access,

24  and was embarrassed and humiliated.

25  **JURISDICTION AND VENUE:**

26        3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

27  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

28  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2 California law, whose goals are closely tied with the ADA, including but not limited to violations

3 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

4 *seq.*, including §19959; Title 24 California Building Standards Code.

5     4.   **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6 founded on the facts that the real property which is the subject of this action is located at/near

7 1700 2nd Street, Commercial Building, in the City of Napa, County of Napa, State of California,

8 and that plaintiffs' causes of action arose in this county.

9 **PARTIES:**

10     5.   Plaintiff PATRICK CONNALLY is a "physically handicapped person", a

11 "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

12 "physically disabled", "physically handicapped" and "person with physical disabilities" are used

13 interchangeably, as these words have similar or identical common usage and legal meaning, but

14 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

16 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

17 PATRICK CONNALLY is a "person with physical disabilities", as defined by all applicable

18 California and United States laws. Plaintiff has severe traumatic head injury, chronic arthritis in

19 upper extremities and constant joint inflammation, pain and swelling. Plaintiff PATRICK

20 CONNALLY requires the use of a wheelchair to travel about in public. Consequently, plaintiff

21 PATRICK CONNALLY is a member of that portion of the public whose rights are protected by

22 the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

23 Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

24 Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

25 Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

26     6.   Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

27 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

28 with persons with disabilities to empower them to be independent in American society. DREES

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  accomplishes its goals and purposes through education on disability issues, enforcement of the

2  rights of persons with disabilities, and the provision of services to persons with disabilities, the

3  general public, public agencies and the private business sector.  DREES brings this action on

4  behalf of its members, many of whom are persons with physical disabilities and whom have

5  standing in their right to bring this action.

6      7.    That members of DREES, like plaintiff PATRICK CONNALLY, will or have

7  been guests and invitees at the subject 1700 2ND Street Building, and that the interests of plaintiff

8  DREES in removing architectural barriers at the subject Commercial Office Building advance

9  the purposes of DREES to assure that all public accommodations, including the subject

10  Commercial Office Building, are accessible to independent use by mobility-impaired persons.

11  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

12      8.    Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION (hereinafter

13  alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or

14  lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as The

15  1700 2nd Street Building, located at/near 1700 2nd Street, Commercial Building, Napa,

16  California, or of the building and/or buildings which constitute said public accommodation.

17      9.    At all times relevant to this complaint, defendant ROBERT LOUIS STEVENSON

18  PLAZA ASSOCIATION, owns and operates in joint venture the subject 1700 2nd Street Building

19  as a public accommodation.  This business is open to the general public and conducts business

20  therein.  The business is a "public accommodation" or "public facility" subject to the

21  requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

22  *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.    At all times relevant to this complaint, defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION is jointly and severally responsible to identify and remove architectural barriers at the subject 1700 2nd Street Building pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The Sims and Sims Court Reporters, has an office, located at/near 1700 2nd Street, Napa, California.  The 1700 2nd Street, Commercial Office Building, its parking, men's and women's restroom on the second floor, men's and women's restroom on the third floor, the entry doors to all offices, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the 1700 2nd Street Commercial Office Building  and each of its facilities, its  parking, men's and women's restroom on the second floor, men's and women's restroom on the third floor and the entry doors to all offices to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff PATRICK CONNALLY was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the 1700 2nd Street Commercial Office Building  as being handicapped accessible and handicapped usable.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.    On or about July 20, 2007, August 23, 2007 and August 27, 2007, plaintiff PATRICK CONNALLY was an invitee and guest at the subject Sims and Sims Court Reporters, for purposes of having his deposition taken, listening to the deposition testimony of others and to pick up a deposition transcript.

15.    On or about July 20, 2007, plaintiff PATRICK CONNALLY had his deposition taken at the office of Sims and Sims Court Reporters.  During the course of the deposition, and after the deposition, plaintiff PATRICK CONNALLY had need to use an accessible restroom. The men's and women's restroom on the third floor serves all offices on the third floor.  Plaintiff PATRICK CONNALLY noticed that the exterior doors on both the men's and women's restroom entrance were too narrow for a wheelchair to pass through and that neither door had accessible nor levered hardware.

16.    At said times and place, plaintiff PATRICK CONNALLY attempted on at least three (3) occasions to use the men's restroom.  Each time plaintiff PATRICK CONNALLY struggled with the door knob and key in order to open the door to enter, and to exit.  Each time plaintiff struggled to use the stall because it was a front loader.

17.    At said times and place, plaintiff PATRICK CONNALLY on all three (3) occasions could not exit the restroom independently.  On each occasion, plaintiff PATRICK CONNALLY was unable to maneuver his wheelchair at the necessary angle, to allow his wheel chair to pass through the doorway.  This was a result of several architectural barriers to wit:

•    Door was very narrow;

•    Door space is towards a wing wall; and

•    Non compliant door hardware.

In order to exit, plaintiff PATRICK CONNALLY needed the assistance of a third party.  Further, the exit door was also blocked by a large trash receptacle with a swinging top.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18.     At said time and place, plaintiff PATRICK CONNALLY met with a person, allegedly, a representative of building management named Eric Lehman.  Plaintiff showed him the architectural barriers and specific problems with the door knob and lock.

19.     On or about July 24, 2007, plaintiff PATRICK CONNALLY wrote Lehman and Lehman about the access issues he encountered.  Plaintiff sought a written agreement that remedial measures would be undertaken.  There was no response.

20.     On or about August 23, 2007, plaintiff PATRICK CONNALLY returned for expert Robert Benz testimony on architectural barriers.  Plaintiff PATRICK CONNALLY needed to use a restroom.  Plaintiff PATRICK CONNALLY noticed that the only remedial work done was the door knobs were changed to levered hardware.  However, the levered hardware with the locking mechanism did not comply with the ADAAG specifications.  Plaintiff PATRICK CONNALLY again struggled with the stall and needed assistance to exit the restroom.

21.     On or about August 27, 2007, plaintiff PATRICK CONNALLY returned to Sims and Sims.  Plaintiff PATRICK CONNALLY discovered that the van accessible parking did not comply with ADAAG.

22.     At said time and place, plaintiff PATRICK CONNALLY went to the third floor and found that the restrooms were still not accessible.  Plaintiff PATRICK CONNALLY wheeled to the second floor and found that the men's and women's restrooms had levered hardware and wide doors, but that the stall in the men's restroom was not accessible.  Plaintiff struggled to get out of the restroom because of a wall.

23.     On or about all occasions stated herein, plaintiff PATRICK CONNALLY discovered that all the toilets were too low, the urinals too high and the lavatories did not have

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

levered hardware.

24.    On all occasions stated herein, plaintiff PATRICK CONNALLY discovered that most of the doors to offices at the 1700 Commercial Building did not have levered hardware, the safety stairs did not have safety striping and the handrails were non compliant.

25.    Therefore, at said times and place, plaintiff PATRICK CONNALLY, a person with a disability, encountered the following inaccessible elements of the subject 1700 Commercial Office Building which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of directional signage to show accessible routes of travel, i.e., entrances;

    b.    lack of disabled van accessible parking stall;

    c.    lack of a handicapped-accessible women's public restrooms, on the second and third floor;

    d.    lack of a handicapped-accessible men's public restrooms, on the second and the floor;

    e.    lack of reduced door pressure throughout;

    f.    lack of proper door handles throughout the building;

    g.    lack of proper stair case safety, railing and hardware;

    h.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

26.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.     On or about July 24, 2007, the defendant through Eric Lehman was sent a letter by or on behalf of plaintiff PATRICK CONNALLY advising of the existence of architectural barriers, requesting a response within two weeks and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letter is attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

28.     As a legal result of defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION 's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

29.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff PATRICK CONNALLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff PATRICK CONNALLY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff PATRICK CONNALLY harm as stated herein.

31. Plaintiff PATRICK CONNALLY and the membership of DREES were denied their rights to equal access to a public facility by defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION , because defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION maintained a Commercial Building without access for persons with physical disabilities to its facilities, including but not limited to parking, men's and women's restroom on the second floor, men's and women's restroom on the third floor, entry doors to all offices, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

32. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

33. Plaintiffs, as described hereinbelow, seek injunctive relief to require the 1700 Commercial Office Building to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the Commercial Building as a public facility.  Plaintiffs seek damages for violation of their civil rights on July 20, 2007, August 23, 2007 and August 27, 2007 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff PATRICK

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

CONNALLY was deterred from returning to the building because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

34.    On information and belief, the defendant has been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

35.    Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling the defendant to make the 1700  Commercial Office Building  accessible to persons with disabilities.

36.    On information and belief, the defendant has intentionally undertaken to modify and alter existing building(s), and has failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendant in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendant with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other commercial buildings and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

37.    Plaintiffs are informed and believe and therefore allege that defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, caused the subject building(s) which constitute the 1700 Commercial Office Building to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the 1700 Commercial Office Building and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendant has continued to maintain and operate said 1700 Commercial Office Building and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendant that the configuration of 1700 Commercial Office Building and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff PATRICK CONNALLY, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

38.    On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the 1700 Commercial Office Building and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff PATRICK CONNALLY, owners of other businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by

former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

Defendants' failure, under state and federal law, to make the 1700 Commercial Office Building

accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

other similarly situated persons with disabilities. Despite being informed of such effect on

plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

situation and to provide full and equal access for plaintiffs and other persons with physical

disabilities to the 1700 Commercial Office Building . Said defendant has continued such

practices, in conscious disregard for the rights of plaintiffs and other persons with physical

disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant had

further actual knowledge of the architectural barriers referred to herein by virtue of the demand

letter addressed to the defendant and served concurrently with the summons and complaint. Said

conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with

physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

damages per Civil Code §§52 and 54.3.

39.     Plaintiff PATRICK CONNALLY and plaintiff DREES, on behalf of its

membership and the disability community which it serves, consisting of persons with

disabilities, would, could and will return to the subject public accommodation when it is made

accessible to persons with disabilities.

///

///

///

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs PATRICK CONNALLY  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(42 U.S.C. §12101, *et seq.*)

40.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 39 of this complaint.

41.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

42.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

43.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

(F) a laundromat, dry-cleaner, bank, barber shop, beauty parlor, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital or other service establishment;

42 U.S.C. §12181(7)(E)(F)

44.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -

Effective January 31, 1993, the standards of the ADA were also incorporated into California

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

46.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of 1700 Commercial Office Building pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

47.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

48.    On information and belief, construction work on, and modifications of, the subject building(s) of  1700  Commercial Office Building occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

49.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

50.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions".  Pursuant to this section, plaintiff PATRICK CONNALLY has not returned to defendants' premises since on or about August 27, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

51.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
California public benefit corporation, and Against Defendant ROBERT LOUIS
STEVENSON PLAZA ASSOCIATION, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

52.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

allegations contained in paragraphs 1 through 51 of this complaint.

53.     At all times relevant to this action, California Civil Code §54 has provided that

persons with physical disabilities are not to be discriminated against because of physical

handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as
> the general public to full and free use of the streets, highways,
> sidewalks, walkways, public buildings, medical facilities, including
> hospitals, clinics, and physicians' offices, and other public places.

54.     California Civil Code §54.1 provides that persons with disabilities shall not be

denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full
> and equal access, as other members of the general public, to
> accommodations, advantages, facilities, medical facilities,
> including hospitals, clinics, and physicians' offices, and privileges
> of all common carriers, airplanes, motor vehicles, railroad trains,
> motorbuses, streetcars, boats, or any other public conveyances or
> modes of transportation (whether private, public, franchised,
> licensed, contracted, or otherwise provided), telephone facilities,
> adoption agencies, private schools, hotels, lodging places, places of
> public accommodation, amusement or resort, and other places to
> which the general public is invited, subject only to the conditions
> and limitations established by law, or state or federal regulation,
> and applicable alike to all persons.

Civil Code §54.1(a)(1)

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

55.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

56.    Plaintiff PATRICK CONNALLY  and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' 1700  Commercial Office Building .  As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the 1700  Commercial Office Building because of their knowledge and belief that the Commercial Building is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

57.     On or about July 20, 2007, August 23, 2007 and August 27, 2007, plaintiff PATRICK CONNALLY suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff PATRICK CONNALLY was denied access to parking, men's and women's restroom on the second floor, men's and women's restroom on the third floor, entry doors to all offices and other public facilities as stated herein at the 1700 Commercial Office Building and on the basis that plaintiff PATRICK CONNALLY was a person with physical disabilities.

58.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3. Plaintiff PATRICK CONNALLY further suffered emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

59.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about July 20, 2007, August 23, 2007 and August 27, 2007, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

available pursuant to §54.3 of the Civil Code according to proof.

60.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendant to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY  and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION inclusive)
(Health & Safety Code §19955, *et seq.*)

61.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 60 of this complaint.

62.    Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.

1
2

> When sanitary facilities are made available for the public, clients or
> employees in such accommodations or facilities, they shall be
> made available for the handicapped.

3
4

63.    Health & Safety Code §19956, which appears in the same chapter as §19955,

5 provides in pertinent part, "accommodations constructed in this state shall conform to the

6 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

7 Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

8 public accommodations constructed or altered after that date.  On information and belief,

9 portions of the 1700  Commercial Office Building  and/or of the building(s) were constructed

10 and/or altered after July 1, 1970, and substantial portions of the Office Building and/or the

11 building(s) had alterations, structural repairs, and/or additions made to such public

12 accommodations after July 1, 1970, thereby requiring said Office Building and/or building to be

13 subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such

14 alteration, structural repairs or additions per Health & Safety Code §19959.

15
16

64.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

17 Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

18 1982, Title 24 of the California Building Standards Code adopted the California State Architect's

19 Regulations and these regulations must be complied with as to any alterations and/or

20 modifications of the Commercial Office Building and/or the building(s) occurring after that date.

21 Construction changes occurring prior to this date but after July 1, 1970 triggered access

22 requirements pursuant to the "ASA" requirements, the American Standards Association

23 Specifications, A117.1-1961.  On information and belief, at the time of the construction and

24 modification of said building, all buildings and facilities covered were required to conform to

25 each of the standards and specifications described in the American Standards Association

18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Specifications and/or those contained in Title 24 of the California Building Standards Code.

65.    Office buildings such as the 1700 Commercial Office Building are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

66.    As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

67.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

68.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant  ROBERT LOUIS STEVENSON PLAZA ASSOCIATION  inclusive)
(Civil Code §51, 51.5)

69.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 68 of this complaint.

70.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction,

1

2

> alteration, repair, or modifications that the State Architect
> otherwise possesses pursuant to other . . . laws.

3

4

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336)
> shall also constitute a violation of this section.

5

6

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

7

"intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

8

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

9

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

10

defendants, and each of them.

11

12

    71.    The acts and omissions of defendant stated herein are discriminatory in nature

13

and in violation of Civil Code §51.5:

14

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell

15

> to, or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of

16

> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,

17

> suppliers, or customers.

18

19

> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,

20

> limited liability company, or company.

21

22

> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or

23

> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other

24

> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall

25

> anything in this section be construed to augment, restrict or alter in
> any way the authority of the State Architect to require construction,

26

> alteration, repair, or modifications that the State Architect
> otherwise possesses pursuant to other laws.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

72.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §40, *et seq*., as if repled herein.

73.     As a legal result of the violation of plaintiff PATRICK CONNALLY's  civil rights as hereinabove described.  Plaintiffs PATRICK CONNALLY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
California public benefit corporation, and Against Defendant ROBERT LOUIS
STEVENSON PLAZA ASSOCIATION, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendant ROBERT LOUIS STEVENSON

PLAZA ASSOCIATION, inclusive, to make the 1700  Commercial Office Building, located at

1700 2nd Street, Napa, California, readily accessible to and usable by individuals with disabilities,

per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice,

eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a
California public benefit corporation, and Against Defendant ROBERT LOUIS
STEVENSON PLAZA ASSOCIATION, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendant ROBERT LOUIS STEVENSON

PLAZA ASSOCIATION, inclusive, to make the 1700  Commercial Office Building, located at

1700 2nd Street, Napa, California, readily accessible to and usable by individuals with disabilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff PATRICK CONNALLY and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      General and compensatory damages according to proof.

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive, to make the 1700  Commercial Office Building, located at 1700 2nd Street, Napa, California, readily accessible to and usable by individuals with disabilities, per state law.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

## V.     PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

(On Behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      Treble damages pursuant to Civil Code §52(a);

4.      For all costs of suit;

5.      Prejudgment interest pursuant to Civil Code §3291; and

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.   Such other and further relief as the court may deem just and proper.

**VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff PATRICK CONNALLY, and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.   General and compensatory damages to plaintiff PATRICK CONNALLY according to proof.

Dated: _9/19/07_ , 2007          THOMAS E. FRANKOVICH
                                 *A PROFESSIONAL LAW CORPORATION*


                                 By: _____
                                     THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiffs PATRICK CONNALLY and
                                     DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                     SERVICES:HELPING YOU HELP OTHERS, a California
                                     public benefit corporation


### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _9/19/07_ , 2007          THOMAS E. FRANKOVICH
                                 *A PROFESSIONAL LAW CORPORATION*


                                 By: _____
                                     THOMAS E. FRANKOVICH
                                     Attorneys for Plaintiffs PATRICK CONNALLY and
                                     DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                     SERVICES:HELPING YOU HELP OTHERS, a California
                                     public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31

# EXHIBIT A

Patrick Connally
164 N. San Pedro Road, Apt. C103
San Rafael, CA 94903

July 24, 2007

Lehman & Lehman
1700 Second St.
Napa, CA 94559

Dear Mr. Lehman:

You and I met on July 20, 2007 when I was at Sims & Sims for deposition. Craig Yates was also there. We both use wheelchairs.

As I pointed out to you the lock and door handle is a huge problem. The lock on the inside is blocked by the handle of the door and you have to twist it while you pull the door. That's how I got trapped. The doorway width is also too narrow. Craig couldn't even get in.

The front loader stall is out of date. The urinal is too high as is the mirror. I'm not sure about the sink hardware but that might be wrong. The little privacy wall makes it hard to get in. Why are all the restroom doors so narrow and all the office doors wide?

Also, it didn't appear any office doors had anything but knobs. Door knobs have been out for a long time. Lever door handles are in.

The bottom line is that all of the restrooms are probably the same. Therefore, none of them are really usable by the disabled. This needs to be fixed and lever hardware on all the doors.

Just thought you should know July 26, 2007 is the anniversary of the ADA which was passed in 1990. I think 17 years is plenty of time to do the fix. When was the building built?

Eric do you own the building? Or are you the property management company? What do you do for the building?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal, but I don't know how that applies to your commercial building. Maybe you make more than a million dollars. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Patrick Connally*