DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
Brandon R. Blevans (CSB 197281) (bblevans@dpf-law.com)
Patrick B. Sutton (CSB 223186) (psutton@dpf-law.com)
50 Old Courthouse Square, Suite 200
Santa Rosa, CA 95404-7922
Telephone:   707.524.7000
Facsimile:   707.546.6800

Attorneys for Defendant
ROBERT LOUIS STEVENSON
    PLAZA ASSOCIATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK CONNALLY, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT LOUIS STEVENSON PLAZA ASSOCIATION,<br><br>Defendant. | Case No. C 07-05151 WHA<br><br>**ANSWER OF DEFENDANT ROBERT LOUIS STEVENSON PLAZA ASSOCIATION TO PLAINTIFFS' COMPLAINT** |

Defendant Robert Louis Stevenson Plaza Association, in answer to Plaintiffs' Complaint, admits, denies, and avers as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiffs have filed an action as a civil rights for discrimination. Defendant admits that the office building at 1700 Second Street is a place of public accommodation. Defendant denies each and every remaining allegation contained in said paragraph.

2. Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff, Patrick Connally, ("Connally") on at least one occasion, was on the premises of the office building at 1700 Second Street. Defendant admits that Connally is a person with apparent physical disabilities. Defendant denies each and every remaining allegation contained in said paragraph.

## JURISDICTION AND VENUE

3. Answering Paragraph 3 of the Complaint, Defendant admits that jurisdiction is proper in this Court. Defendant states that the balance of Paragraph 3 constitutes recitations of statutes and codes section, which speak for themselves.

4. Answering Paragraph 4 of the Complaint, Defendant admits that venue is proper in this Court. Defendant denies that Plaintiffs have any cause of action that has accrued.

## PARTIES

5. Answering Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

6. Answering Paragraph 6 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

7. Answering Paragraph 7 of the Complaint, Defendant admits that Connally has been on the premises of the 1700 Second Street Building. Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every remaining allegation contained in said paragraph.

8. Answering Paragraph 8 of the Complaint, Defendant admits that he is the owner, operator and lessor of the 1700 Second Street Building in Napa, California. Defendant admits that said building is a public accommodation.

9. Answering Paragraph 9, Defendant admits that it owns and operates the 1700 Second Street Building and that such building is a public accommodation. Defendant denies each and every remaining allegation contained in said paragraph.

10. Answering Paragraph 10 of the Complaint, Defendant states that the Code of Federal Regulations section cited by Plaintiffs in Paragraph 10 speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

**PRELIMINARY FACTUAL ALLEGATIONS**

11. Answering Paragraph 11 of the Complaint, Defendant admits the Sims and Sims Court Reporters have an office located in the 1700 Second Street Building, Napa, California. Defendant denies each and every remaining allegation contained in said paragraph.

12. Answering Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

13. Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained in said paragraph, and states that the building at 1700 Second Street is fully accessible and usable by the handicapped.

14. Answering Paragraph 14 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

15. Answering Paragraph 15 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

16. Answering Paragraph 16 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

17. Answering Paragraph 17 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

18. Answering Paragraph 18 of the Complaint, Defendant admits that Eric Lehman is a representative of building management and that at one point in time, he met with Connally. Defendant admits that Connally discussed with him concerns Connally held regarding certain features of the building. Defendant denies each and every remaining allegation in said paragraph.

19. Answering Paragraph 19 of the Complaint, Defendant admits he received a letter from Connally. Defendant states that the letter speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

20. Answering Paragraph 20 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

21. Answering Paragraph 21 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

22. Answering Paragraph 22 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

23. Answering Paragraph 23 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

24. Answering Paragraph 24 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

25. Answering Paragraph 25 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

26. Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

27. Answering Paragraph 27 of the Complaint, Defendant admits receipt of the letter from Connally, and states that the letter speaks for itself.  Defendant denies each and every allegation contained in said paragraph.

28. Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

29. Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

31. Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

32. Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

33. Answering Paragraph 33 of the Complaint, Defendant admits that Plaintiffs seek the relief described in paragraph 33, but denies that they are entitled to any relief whatsoever.

34. Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

35. Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

36. Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

37. Answering Paragraph 37 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

38. Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

39. Answering Paragraph 39 of the Complaint, Defendant lacks sufficient knowledge or information on which to form a belief and, on that basis, denies each and every allegation contained in said paragraph.

**I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(42 U.S.C. §12101, *et seq.*)

40. Answering Paragraph 40 of the Complaint, Defendant responds that Plaintiffs' reincorporation by reference is not statement of material fact to which a response is required by the Federal Rules of Civil Procedure. Subject to this statement, Defendant reincorporates each and every admission and denial made with respect to each and every preceding paragraph as if fully set forth in this paragraph of its answer.

41. Answering Paragraph 41 of the Complaint, Defendant admits that Congress made findings in conjunction with the passage of the Americans With Disabilities Act, and states that those findings speak for themselves.

42. Answering Paragraph 42 of the Complaint, Defendant states that Paragraph 42 is a recitation of law and that the law speaks for itself.

43. Answering Paragraph 43 of the Complaint, Defendant states that Paragraph 43 is a recitation of law and that the law speaks for itself.

- 5 -

44. Answering Paragraph 44 of the Complaint, Defendant states that Paragraph 44 is a recitation of law and that the law speaks for itself.

45. Answering Paragraph 45 of the Complaint, Defendant states that Paragraph 45 is a recitation of law and that the law speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

46. Answering Paragraph 46 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

47. Answering Paragraph 47 of the Complaint, Defendant states that U.S.C. § 12181 speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

48. Answering Paragraph 48 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

49. Answering Paragraph 49 of the Complaint, Defendant admits that 42 U.S.C. §12188, *et seq.* speaks for itself. Defendant denies each and every remaining allegation in said paragraph.

50. Answering Paragraph 51 of the Complaint, Defendant admits that 42 U.S.C. §12188, *et seq.* speaks for itself.

51. Answering Paragraph 51 of the Complaint, Defendant admits that Plaintiffs seek relief as stated in paragraph 51. Defendant denies that Plaintiffs are entitled to any relief whatsoever.

**II. SECOND CAUSE OF ACTION FOR DENIAL OR FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(California Civil Code §54, 54.1, 54.3, *et seq.*)

52. Answering Paragraph 52 of the Complaint, Defendant responds that Plaintiffs' reincorporation by reference is not statement of material fact to which a response is required by the Federal Rules of Civil Procedure. Subject to this statement, Defendant reincorporates each and every admission and denial made with respect to each and every preceding paragraph as is fully set forth in this paragraph of its answer.

53. Answering Paragraph 53 of the Complaint, Defendant states that California Civil Code §54 speaks for itself.

54. Answering Paragraph 54 of the Complaint, Defendant states that California Civil Code §54.1 speaks for itself.

55. Answering Paragraph 55 of the Complaint, Defendant states that California Civil Code §54.1 speaks for itself.

56. Answering Paragraph 56 of the Complaint, Defendant states California Civil Code §53 speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

57. Answering Paragraph 57 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

58. Answering Paragraph 58 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

59. Answering Paragraph 59 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

60. Answering Paragraph 60 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET SEQ*.**
(On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(Health & Safety Code §19955, *et seq.*)

61. Answering Paragraph 61 of the Complaint, Defendant responds that Plaintiffs' reincorporation by reference is not statement of material fact to which a response is required by the Federal Rules of Civil Procedure. Subject to this statement, Defendant reincorporates each and every admission and denial made with respect to each and every preceding paragraph as is fully set forth in this paragraph of its answer.

62. Answering Paragraph 62 of the Complaint, Defendant states that Health and Safety Code §19955 speaks for itself.

- 7 -

63. Answering Paragraph 63 of the Complaint, Defendant states that Health and Safety Code §19956 speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

64. Answering Paragraph 64 of the Complaint, Defendant admits that the State Architect has promulgated regulations for enforcement of certain provisions, but those regulations and provisions speak for themselves. Defendant denies each and every remaining allegation contained in said paragraph.

65. Answering Paragraph 65 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

66. Answering Paragraph 66 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

67. Answering Paragraph 67 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

68. Answering Paragraph 68 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

**IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §§51, *ET SEQ*. (THE UNRUH CIVIL RIGHTS ACT)**
(On behalf of Plaintiffs PATRICK CONNALLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ROBERT LOUIS STEVENSON PLAZA ASSOCIATION, inclusive)
(California Civil Code § 51, 51.5)

69. Answering Paragraph 69 of the Complaint, Defendant responds that Plaintiffs' reincorporation by reference is not statement of material fact to which a response is required by the Federal Rules of Civil Procedure. Subject to this statement, Defendant reincorporates each and every admission and denial made with respect to each and every preceding paragraph as is fully set forth in this paragraph of its answer.

70. Answering Paragraph 70 of the Complaint, Defendant states that the UNRUH ACT speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

71. Answering Paragraph 71 of the Complaint, Defendant states that the UNRUH ACT speaks for itself. Defendant denies each and every remaining allegation contained in said paragraph.

72. Answering Paragraph 72 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

73. Answering Paragraph 73 of the Complaint, Defendant denies each and every allegation contained in said paragraph.

**ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any of the relief prayed for with respect to any of Plaintiffs' causes of action.

**AFFIRMATIVE DEFENSES**

1. As a first, separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

2. As a second, separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that the removal of the barriers sought by Plaintiffs is not readily achievable.

3. As a third, separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that Defendant's place of public accommodation is accessible to the maximum extent feasible.

4. As a fourth, separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that Defendant has made good faith efforts to comply with the ADA and the Unruh Act, including providing appropriate alternative access.

5. As a fifth, separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that each cause of action is barred by the equitable doctrine of unclean hands.

6. As a sixth, separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that to the extent Defendant has failed to comply with any of the regulations or guidelines under the ADA or the Unruh Act, such noncompliance was inadvertent and is *de minimus*.

7. As a seventh, separate and affirmative defense to the Complaint and each cause of action therein, Defendant alleges that the architectural conditions cited in the Complaint were within conventional standards of the building industry.

**PRAYER FOR RELIEF**

WHEREFORE defendant, Robert Louis Stevenson Plaza Association, on its own behalf, prays for relief as follows:

1) For judgment against the plaintiffs and for the defendant on each of the plaintiffs' counts;
2) For dismissal of the plaintiffs' Complaint in its entirety;
3) For costs of suit incurred herein;
4) For attorneys' fees under Code of Civil Procedure §1021.5, and any other applicable law; and
5) For such further and equitable relief as this Court deems just and proper.

Dated: February 15, 2008        DICKENSON, PEATMAN & FOGARTY
                                A Professional Law Corporation


                                /s/
                                Brandon R. Blevans
                                Patrick B. Sutton
                                Attorneys for Defendant
                                ROBERT LOUIS STEVENSON
                                PLAZA ASSOCIATION