1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900
   Attorneys for Plaintiffs
5
   PATRICK CONNALLY
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS
8

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12 | PATRICK CONNALLY, an individual; and | ) | **CASE NO. C07–5151-WHA** |
   | DISABILITY RIGHTS, ENFORCEMENT, | ) | |
13 | EDUCATION, SERVICES:HELPING YOU | ) | **JOINT CASE MANAGEMENT** |
   | HELP OTHERS, a California public benefit | ) | **STATEMENT AND [PROPOSED] ORDER** |

PATRICK CONNALLY, an individual; and )      **CASE NO. C07–5151-WHA**
DISABILITY RIGHTS, ENFORCEMENT, )
EDUCATION, SERVICES:HELPING YOU )          **JOINT CASE MANAGEMENT**
HELP OTHERS, a California public benefit )  **STATEMENT AND [PROPOSED] ORDER**
corporation,                            )
                                        )    **Date:          March 13, 2008**
        Plaintiffs,                     )    **Time:          11:00 AM**
                                        )    **Judge:         Hon. William H. Alsup**
v.                                      )    **Courtroom:     9, 19th Floor**
                                        )    **Courthouse:    450 Golden Gate Avenue**
ROBERT LOUIS STEVENSON PLAZA            )    **                19th Floor**
ASSOCIATION,                            )    **                San Francisco, CA**
                                        )
        Defendant.                      )    **LR 16-9**
_____)

        The parties to the above-captioned action jointly submit this Case Management

Statement.

**1.    JURISDICTION, VENUE & SERVICE**

        **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331

for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the

same nucleus of operative facts and arising out of the same transactions, are also brought under

parallel California law, whose goals are closely tied with the ADA, including but not limited to

1  violations of California Civil Code §51, *et seq.* and § 54, *et seq.*, California Health & Safety

2  Code §19955 *et seq.*, including §19959; and Title 24, California Building Standards Code.

3      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded

4  on the facts that the real property which is the subject of this action is located in this district

5  at/near Napa, California, and that plaintiffs' causes of action arose in this district.

6      **Status of Service of Process:**

7      All parties to the action have been served.

8  **2.      BRIEF DESCRIPTION OF CASE/FACTS**

9      This is an action brought by plaintiffs for discrimination based upon the defendant's

10  alleged failure to comply with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.

11  §12101, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code §§51 and 51.5, California Health

12  & Safety Code §19955, *et seq.*, and the California Disabled Persons Act, Cal. Civ. Code

13  §§54, 54.1 and 54.3, all of which relate to the denial of access to a place of public

14  accommodation.

15      Plaintiff PATRICK CONNALLY is a person with a disability.  Plaintiff visited The

16  1700 2nd Street Building, a place of public accommodation, on several occasions.  While at The

17  1700 2nd Street Building, plaintiff allegedly encountered several architectural barriers to access,

18  including a lack of proper accessibility signage and an inaccessible restroom.  Plaintiffs allege

19  that the existence of these architectural barriers constitutes violations of plaintiffs' civil rights

20  under federal and state law, and caused plaintiff Patrick Connally to suffer actual harm at the

21  hands of defendant.

22  **3.      PRINCIPAL LEGAL ISSUES IN DISPUTE**

23      a.      whether architectural barriers existed and/or continue to exist at The 1700 2nd

24              Street Building which denied access to persons with disabilities;

25      b.      whether the removal of architectural barriers was/is readily achievable;

26      c.      whether The 1700 2nd Street Building was constructed at a time when

27              compliance was required, or whether defendant made alterations and

28

modifications to The 1700 2nd Street Building which trigger compliance with certain State and federal disability access standards; and

d.    whether and to what extent plaintiff Patrick Connally suffered actual damages at the hands of defendant.

**4.    MOTIONS**

If settlement efforts are unsuccessful, plaintiffs anticipate bringing a motion for summary judgment on this issue of defendant's liability.

**5.    AMENDMENT OF PLEADINGS**

None anticipated at this time.

**6.    EVIDENCE PRESERVATION**

No issues anticipated.

**7.    DISCLOSURES**

Plaintiffs have served their initial disclosures of evidence pursuant to Fed. R. Civ. P. 26.  These disclosures included identification of known percipient witnesses, pre-filing correspondence from plaintiff Patrick Connally to the owner of the subject public accommodation, and photographs of the restroom taken by plaintiff Patrick Connally.

**8.    DISCOVERY**

The parties request that the permissible number of interrogatories be increased to fifty (50) per party.  Discovery shall otherwise be conducted pursuant to the limitations set-forth in the Federal Rules of Civil Procedure.

**9.    CLASS ACTION**

Not Applicable.

**10.    RELATED CASES**

None.

**11.    RELIEF**

Plaintiffs seek injunctive relief to compel defendant to make its public accommodation accessible pursuant to ADAAG or Title 24, whichever is more restrictive, and to further

1  maintain access in the future.  Plaintiffs also seek actual and statutory damages and attorneys'

2  fees, including litigation expenses and costs.

3  **12.    SETTLEMENT/ADR**

4      The ADR process to which the parties jointly request referral is court-sponsored

5  mediation.

6  **13.    MAGISTRATE JUDGE TRIALS**

7      Plaintiffs would consent to reassignment to a Magistrate Judge for trial purposes.

8      Defendant does not consent to referral.

9  **14.    OTHER REFERENCES**

10      Not applicable.

11  **15.    NARROWING OF ISSUES**

12      Plaintiffs believe that the issue of defendant's liability can be decided on motion to the

13  Court.

14      Defendant believes additional time for discovery will be necessary regarding issues

15  relating to the building's construction and/or alterations.

16  **16.    EXPEDITED SCHEDULE**

17      Not applicable.

18  **17.    SCHEDULING**

19      Disclosure of Expert Witness:        October 6, 2008

20      Discovery Cut-off:                   December 8, 2008

21      Last Day to Hear Motions:            January 15, 2009

22      Final Pretrial Conference:           February 9, 2009

23      Trial Date:                          March 16, 2009

24  **18.    TRIAL**

25      **Anticipated length of trial:** 4 days

26      **Type of trial:**   <u>X</u>  jury  ___ court

27  ///

28  ///

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER                                    4

1    **19.    NON-PARTY INTERESTED PERSONS**

2         The parties are unaware of any non-party interested persons or entities.

3    **20.    OTHER MATTERS**

4         None.

5

6    Dated: March 6, 2008                    THOMAS E. FRANKOVICH
                                             *A PROFESSIONAL LAW CORPORATION*
7

8                                            By:  __/s/_____
9                                                    Thomas E. Frankovich
                                             Attorneys for Plaintiffs PATRICK CONNALLY and
10                                           DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                             SERVICES:HELPING YOU HELP OTHERS, a California
11                                           public benefit corporation

12   Dated: March 5, 2008                    DICKENSON, PEATMAN & FOGARTY

13

14                                           By:  __/s/_____
                                                     Brandon R.  Blevans
15                                           Attorneys for Defendant ROBERT LOUIS STEVENSON
                                             PLAZA ASSOCIATION
16

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

2                              **CASE MANAGEMENT ORDER**

3            The Case Management Statement and Proposed Order is hereby adopted by the Court

4    as the Case Management Order for the case and the parties are ordered to comply with this

5    Order.  In addition the Court orders:

6

7

8

9

10

11   Date: _____, 2008

12

13                                        _____

14                                        William Alsup
                                          UNTIED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28